■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALVIN COLLINS, Appellant.— SWEENEY, J. Appeal from a judgment of the County Court of Ulster County, rendered November 15, 1967, upon a verdict convicting defendant of the crimes of robbery second degree, assault second degree and petit larceny. The defendant raises several issues on this appeal. An examination of the record, however, reveals there is sufficient evidence to justify the guilty verdict. An accomplice placed defendant at the scene of the crime where he was also identified by one Mikesh, who testified "he got a good look" at defendant. There is no merit to defendant's contention that the police improperly pointed out defendant to Mikesh prior to the trial. The record reveals the police merely supplied the names of the defendant and his two accomplices. Nor was this post indictment identification. The defendant also contends that a dollar bill with the figures 490 in red written on one side was improperly received in evidence. With this we do not agree. The victim of the robbery testified he had the bill in his possession and it was taken from him at the time of the crime. The record shows the bill was in the possession of one of the accomplices the next day. Neither is there any merit to the third contention raised by defendant that the crimes of assault and petit larceny merged with the crime of robbery. (*People ex rel. Maurer* v. *Jackson,* 2 N Y 2d 259, 264.) We further find that the court did not err in permitting the District Attorney to ask leading questions of the witness White. She was living with one of the accomplices, had borne him a child and was pregnant again by him. The court had a right to conclude that she was a hostile witness. (*People* v. *Sexton,* 187 N. Y. 495.) Finally, there was sufficient evidence presented to the Grand Jury to justify the indictment. It is true there were contradictions, but this does not invalidate the indictment. Judgment affirmed. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.